UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CORY DEWAYNE MATHIS** | § § § | |
| Petitioner, | § § | |
| vs. | § § | CRIMINAL NO. W-07-CR-127(01)-ADA |
| | § § | |
| **UNITED STATES OF AMERICA,** | § § | |
| Respondent. | § § § | |

## ORDER

Before the Court is pro se Movant Cory Dewayne Mathis's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"), (ECF No. 56), and Movant's Amended § 2255 Motion, ("Amended § 2255 Motion") (ECF No. 57). For the following reasons, Mathis's § 2255 Motion and Amended § 2255 Motion are **DENIED**.

### Procedural Background

On January 31, 2008, this Court found Cory Mathis guilty of Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d) ("Count 1"), and of Carrying a Firearm During the Commission of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 2"). ECF No. 24. On March 26, 2008, the Court sentenced Mathis to 60 months' imprisonment as to Count 1, and seven years imprisonment as to Count 2, to be served consecutively; five years' supervised release as to Count 1, and three years' supervised release as to Count 2, to be served concurrently; $200.00 special assessment; $2,000.00 fine; and $8,753.00 restitution. ECF No. 29.

On March 12, 2018, Mathis was released to his term of supervision. ECF No. 52. On December 14, 2018, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the petitioner violated the terms of his release and

seeking a show-cause hearing as to why the petitioner's supervised release should not be revoked. *Id.* The petition alleged that the petitioner had ten violation of the terms of his release. *Id.* At the hearing, the petitioner pleaded true to the first nine violations, and no contest to the tenth violation. *Id.*

United States Magistrate Judge Manske recommended that the petitioner's supervised release as to Count 1 and Count 2 be revoked and that the petitioner be remanded to the custody of the U.S. Marshals for 33 months, to run concurrently, with no period of supervision to follow. ECF No. 52. This Court adopted the Magistrate Judge's report and recommendation on February 25, 2019, with no written objections to the report. ECF No. 53.

The § 2255 Motion and the Amended § 2255 Motion assert three grounds for relief. First, Mathis asserts that his counsel was ineffective. ECF No. 56 and ECF No. 57. Second, Mathis claims that Violation 10 was an open case, and using that to enhance his sentence violates his state right to be "innocent until proven guilty." ECF No. 57. Third, Mathis asserts that Violation 10 did not occur during his term of supervised release, thus it should not have been used to enhance. *Id.*

## Discussion

§ 2255 authorizes the review of claims that a movant's "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to prevail upon a § 2255 motion, the petitioner must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454

(6th Cir. 2003). A § 2255 motion does not encompass all claimed errors in conviction and sentencing. *U. S. v. Addonizio*, 442 U.S. 178, 185 (1979).

In Ground One, Mathis argues that his counsel was ineffective because counsel did not act on Mathis's behalf and failed to defend Mathis's rights. ECF No. 56 and ECF No. 57. In order to prove ineffective assistance of counsel, Mathis must show that counsel's performance was deficient. First, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the petitioner must show that the deficient performance prejudiced the defense, showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id.* If the petitioner makes an insufficient showing of one component, the court does not need to consider the other. *Id.* at 697. Judicial scrutiny of counsel's performance must be highly deferential, and the petitioner must overcome the presumption that counsel's conducts falls within a wide variety of reasonable professional assistance. *Id.* at 689.

Mathis failed to make proper showing of both components of the *Strickland* test. Regarding the first part of the test, Mathis failed to show that counsel made any serious errors, and that counsel was not functioning as guaranteed by the Sixth Amendment. Mathis generally complains that counsel was ineffective because counsel did not oppose Violation 10 at the revocation hearing. ECF No. 62. As noted in the record of the revocation hearing, Judge Manske asked Mathis if he had discussed the charges and any defenses with his counsel, and Mathis answered affirmatively. ECF No. 61, Exhibit 5. Judge Manske also asked if Mathis was satisfied with the job counsel had done, and Mathis said he was. *Id.* Counsel's actions are reviewed deferentially, and Mathis's allegation did not overcome the presumption that counsel's conduct was reasonable professional assistance.

Regarding the second part of the test, Mathis failed to show that counsel's errors resulted in prejudice against him and changed the outcome. Mathis's allegations do not establish that, but for counsel's errors, the outcome of his sentencing would be any different. Mathis claims, with no support, that if counsel had challenged Violation 10 instead of advising Mathis to plead no contest, Mathis would have received 12-14 months, rather than 33 months. ECF No. 62. However, if any of the ten violations were found to be true, the Court could have sentenced Mathis to three years in prison with five years of supervised release on Count 1, and five years in prison with five years of supervised release on Count 2. ECF No. 61. Mathis was sentenced 33 months with no term of supervised release to follow. ECF No. 53. Mathis has not carried his burden on either part of the *Strickland* test, therefore Ground One does not state a cognizable claim and is **DENIED.**

In Ground Two, Mathis claims that Violation 10 was an open case, and it should not have been used to enhance his sentence. ECF No. 57. Specifically, Mathis states that "state law cites 'innocent until proven guilty,'" and that "a defendant must be guilty of said crime in order to use [the] conviction for enhancement." *Id.* However, state law does not apply to federal criminal proceedings. The Federal Rules of Criminal Procedure govern the procedure in all criminal proceedings in the United States district courts. Fed. R. Crim. P. 1. The Court has the authority to "revoke a term of supervised release, and require the petitioner to serve in prison all or part of the term of supervised release . . . if the court . . . *finds by a preponderance of the evidence* that the petitioner violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (emphasis added). A preponderance of the evidence means that the Court must find that it was more likely than not that the petitioner violated the condition of his supervised release. Thus, in order to apply the enhancement, Mathis did not need to be found guilty of Violation 10 in a criminal trial, but rather the court must find by a preponderance of the evidence that Mathis committed Violation 10.

However, at his Final Revocation Hearing, Mathis pleaded no contest to Violation 10, meaning that there was no hearing about Violation 10. ECF No. 52. By pleading no contest, Mathis waived his right to present evidence and to cross-examine witnesses at the hearing. The Court found that Mathis knowingly waived those rights, and the Court found that Mathis understood all of his statutory and constitution rights and desired to waive them. *Id.* Because Mathis waived his right to a hearing and pleaded no contest to Violation 10, none of Mathis's rights were violated and the enhancement was correctly applied. Therefore, Ground Two does not state a cognizable claim and is **DENIED.**

In Ground Three, Mathis alleges that Violation 10 did not occur during his term of supervised release, thus it should not have been used to enhance. ECF No. 57. Mathis argues that he was no longer bound by the conditions of his supervised release because the U.S. Probation Office's filed a petition to revoke Mathis's supervised release on October 18, 2018. ECF No. 41.

Mathis's assertation is incorrect. Even though the petition to revoke his supervised release had been filed, Mathis was still bound by the conditions. No change would have been made to Mathis's terms of supervised release until after a hearing and an order from the district judge. Mathis's supervised release started on March 12, 2018. The Court sentenced Mathis to five years' supervised release as to Count 1, and three years' supervised release as to Count 2, to be served concurrently. Because Mathis's conditions of release were still in effect, Violation 10, which occurred on October 22, 2018, was during Mathis's term of supervised release. Therefore, Ground Three does not state a cognizable claim and is **DENIED.**

## Evidentiary Hearing

An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.

§ 2255(b). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). Because the issue presented in this case can be resolved on the basis of the record, the Court finds an evidentiary hearing is not required.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of Petitioner's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id.* Thus, a certificate of appealability shall not be issued.

**Conclusion**

Accordingly,

**IT IS ORDERED** that Movant Cory Dewayne Mathis's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, (ECF No. 56), and Movant's Amended § 2255 Motion, (ECF No. 57) are **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions related to Mathis's § 2255 Motion, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 1st day of June, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE